___

**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: September 24, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **PHILLIP Q. WIINSTEAD AND** | |
| **CINDY L. WINSTEAD,** | **CASE NO. 18-03984-NPO** |
| **DEBTORS.** | **CHAPTER 13** |
| **MACK POOL** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 19-00013-NPO** |
| **PHILLIP Q. WINSTEAD,** | **DEFENDANTS** |
| **CINDY L. WINSTEAD, AND** | |
| **WINSTEAD & SON TRUCKING, LLC** | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING AND SEVERING THE CONSOLIDATED CLAIM LITIGATION FROM THE ADVERSARY PROCEEDING

This matter came before the Court for hearing on August 27, 2019 (the "Hearing"), on the

Defendants' Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") (Adv. Dkt. 28)[1]

filed by Cindy L. Winstead ("Cindy Winstead"), Phillip Q Winstead (together with Cindy

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above referenced adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; and (2) citations to docket entries in the above-referenced bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ____)".

Page 1 of 17

Winstead, the "Winsteads"), and Winstead & Son Trucking, LLC (collectively, the "Defendants"); the Memorandum Brief in Support of Motion to Dismiss (the "Brief") (Adv. Dkt. 28-1) filed by the Defendants; and the Response to Motion to Dismiss (the "Response") (Adv. Dkt. 30) filed by Mack Pool (the "Creditor") in the Adversary. At the Hearing, Tracy S. Steen represented the Creditor and Bryce Kunz represented the Defendants. After considering the pleadings and arguments of counsel, the Court finds the following: [2]

## Jurisdiction

The Court has jurisdiction over the parties to and subject matter of pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I), and (J). Notice of the Hearing was proper under the circumstances.

## Facts

For purposes of the Motion to Dismiss, the Court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). The Court takes judicial notice of the objective facts in the Bankruptcy Case.

1.        On March 23, 2015, Phillip Winstead acting in his capacity as a member of Winstead and Sons Trucking, LLC entered into a promissory note (the "Promissory Note") with Darin D. Grantham ("Grantham") for the purchase of a 1998 Kenworth W900 (the "Kenworth") for $110,000.00. (Adv. Dkt. 1, ¶ 10). The Defendants entered into a security agreement (the "Security Agreement") granting Grantham a security interest in the Kenworth. (*Id.*). As additional security, the Winsteads, in their individual capacity, executed two deeds of trust in favor of

---

[2] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Grantham. The first deed of trust encumbered a one (1)-acre tract of land situated in the Southwest Quarter of the Southeast Quarter of Section 34, Township 4 North, Range 1 East, located in Rankin County (the "First Deed of Trust") and was filed in the Office of the Chancery Clerk of Rankin County, Mississippi, Book 3015 at Page 22822. (Adv. Dkt. 1, ¶ 11). The second deed of trust encumbered a ten (10)-acre tract of land situated in the Southwest Quarter of the Southeast Quarter of Section 34, Township 4 North, Range 1 East, located in Rankin County (the "Second Deed of Trust") and was filed in the Office of the Chancery Clerk of Rankin County, Mississippi, Book 3015, at Page 22841. (Adv. Dkt. 1, ¶ 12). The Promissory Note matured on April 1, 2016. (Adv. Dkt. 1, Exhibit A).

2. On September 2, 2016, Grantham assigned the Security Agreement, the First Deed of Trust,[3] and the Second Deed of Trust[4] (the "Assignment") to the Creditor. (Adv. Dkt. 1, ¶ 13, 14, & 15).[5] The Defendants defaulted on their payments to the Creditor in December of 2016. (Adv. Dkt. 1, ¶ 15). "At the end of 2017, [the Creditor] repossessed the Kenworth, and [the Creditor] paid property taxes on the collateral." (Adv. Dkt. 1, ¶ 17). It thus appears that the Creditor did not foreclose but kept the Kenworth in his possession. (Adv. Dkt. 1, ¶ 17).

3. On October 16, 2018, the Winsteads filed a chapter 13 voluntary petition. (Bankr. Dkt. 1). The Winsteads listed the Creditor on the creditor mailing matrix filed on October 16,

---

[3] Filed in the Office of the Chancery Clerk of Rankin County, Mississippi, Book 3016, Page 86391. (Adv. Dkt. 1, ¶ 13).

[4] Filed in the Office of the Chancery Clerk of Rankin Count, Mississippi, Book 3016, Page 86393. (Adv. Dkt. 1, ¶ 14).

[5] The Complaint does not include an exhibit that assigns the Promissory Note to the Creditor. Mississippi has rejected the "show me the note" theory, and the Defendants have not raised any objection to the assumption that Grantham assigned the Promissory Note to the Creditor. *See Crater v. Bank of New York Mellon*, 203 So. 3d 16 (Miss. Ct. App. 2016).

2018. (Bankr. Dkt. 3). In Schedule A/B: Property, they listed the land encumbered by the First Deed of Trust and the Second Deed of Trust, and the Kenworth. (Bankr. Dkt. 4 at 5). After filing the Bankruptcy Case, the Debtors retrieved the Kenworth from the Creditor's possession without his knowledge or consent. (Adv. Dkt. 1, ¶ 18).

4. On December 16, 2018, counsel for the Creditor entered a Notice of Appearance and Request for Notice. (Bankr. Dkt. 19). The Creditor filed three proofs of claims in the Bankruptcy Case. (Bankr. Cls. 6-1, 7-1, & 8-1). Claim 6-1 stated a claim of $110,000.00 secured by the Kenworth (Bankr. Cl. 6-1). Claim 7-1 stated a claim of $110,000.00 secured by "Real property SE 1/4 & SW 1/4, Sec 34, T4N, R1E, Rankin Co., MS." (Bankr. Cl. 7-1). Both Claim 6-1 and Claim 7-1 rely on the Promissory Note as the basis for the claim. Debtors objected to Claim 6-1 and Claim 7-1 on January 2, 2019. (Bankr. Dkt. 20). On February 25, 2019, the Creditor amended Claim 6-1 ("Amended Claim 6") (Bankr. Cl. 6-2), reducing the amount of his claim secured by the Kenworth and the Real Property to $50,332.59 and also filed Claim 8-1 (Bankr. Cl. 8-1) in the same amount of $50,332.59 secured by the Kenworth and the Real Property and again relying on the Promissory Note. A hearing on the objection to Claim 6-1 and Claim 7-1 was held at which the Creditor agreed to withdraw Claim 7-1 and Claim 8-1, and the Court granted additional time to the Winsteads to object to Amended Claim 6.

5. On February 28, 2019, the Creditor initiated the Adversary by filing the Complaint to Determine Dischargeability of a Debt and for Other Relief (the "Complaint") (Adv. Dkt. 1) and attached seven (7) exhibits: the Promissory Note (Exhibit A); the Security Agreement (Exhibit B); the Deed of Trust, Fixture Filing, Security Agreement and Assignment of Leases and Rents (Exhibit C); the Deed of Trust, Fixture Filing, Security Agreement and Assignment of Leases and Rents (Exhibit D); the Assignment of Deed of Trust, Fixture Filing, Security Agreement and

Assignment of Leases and Rents (Exhibit E); the Assignment of Deed of Trust, Fixture Filing, Security Agreement and Assignment of Leases and Rents (Exhibit F); and Assignment of Security Agreement (Exhibit G) (collectively, the "Exhibits).

6. On March 12, 2019, the Court entered the Agreed Order (the "Agreed Order") (Bankr. Dkt. 32) in the Bankruptcy Case. The Creditor agreed to withdraw Claim 7-1 and Claim 8-1, and the Winsteads reserved the right to object to Amended Claim 6. (*Id.*). The Debtors filed the Objection to Amended Claim 6 (the "Claim Objection"). (Bankr. Dkt. 37). The Creditor filed the Response of Mack Pool to Objection to Amended Claim (Bankr. Cl. 6) (the "Response to Claim Objection") (Bankr. Dkt. 39). The Creditor withdrew Claims 7-1 and 8-1 in accordance with the Agreed Order (Bankr. Dkt. 38).

7. In the Adversary, the Creditor filed the Application to Clerk for Entry of Default (Adv. Dkt. 10) and the Affidavit of Tracy S. Steen (Adv. Dkt. 11) on May 2, 2019 alleging that the Defendants had failed to "plead, answer or otherwise defend" the Adversary. (Adv. Dkt. 10). The Bankruptcy Clerk entered a default against each of the Defendants on May 8, 2019. (Adv. Dkt. 13, 14, & 15). On May 14, 2019, the Defendants filed the Motion to Set Aside Entry of Default (Adv. Dkt. 19) with supporting affidavits, and the Court scheduled a hearing on the matter for June 10, 2019. On May 22, 2019, the Creditor filed the Application to Clerk for Entry of Default Judgment Against Phillip Q. Winstead, Cindy L. Winstead, and Winstead & Son Trucking, LLC (the "Application for Default Judgment") (Adv. Dkt. 21), which the Court set for hearing also on June 10, 2019. On June 5, 2019, the Creditor filed the Response of Mack Pool to Motion to Set Aside Entry of Default (Adv. Dkt. 24). On June 21, 2019, the Court set aside the entries of default and denied the Application for Default Judgment (Adv. Dkt. 27). In addition, the Court consolidated the Claim Objection and the Response to Claim Objection (together, the "Claim

Litigation") into the Adversary pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure.[6] (*Id.*).

8. On July 3, 2019, the Debtors filed the Motion to Dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"), as made applicable by Rule 7012(b). (Adv. Dkt. 28). In response to the Motion to Dismiss, the Creditor filed the Response with a general denial of the assertions set forth in the Motion to Dismiss.

## Discussion

### A. Standard for Dismissal

Pursuant to Rule 7008(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant can file a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Supreme Court has said that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A naked assertion of wrongdoing devoid of "further factual enhancement" falls short of the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and Rule 7008(a). *Howard v. ABM AMRO Mortg. Grp., Inc.*, No. 1:13CV543-KS-MTP, 2014 WL 1237317, at *3 (S.D. Miss. Mar. 26, 2014) (quoting *Twombly*, 550 U.S. at 557)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint

---

[6] Hereinafter, all rules refer to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

are true." *Twombly*, 550 U.S. at 555; *see Dixon v. Bay Fin., Inc. (In re Dixon)*, No. 09-05009-NPO, 2010 WL 501547, at *1 (Bankr. S.D. Miss. Feb. 5, 2010). On the other hand, "when 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *In re Dixon*, 2010 WL 501547, at *1 (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)). The Fifth Circuit Court of Appeals has held that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008).

In deciding a Rule 12(b)(6) motion, a court generally may not "go outside the complaint." *Rodriquez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009) (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). An exception to the general rule allows a court to consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to a claim.[7] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)). If, however, a court considers documents outside the complaint that do not meet this exception, it must treat the motion to dismiss as a motion for summary judgment. *See* FED. R. CIV. P. 12(d) (as adopted by Rule 7012(b)). Regardless, it is not the responsibility of the

---

[7] The Bankruptcy Case, Adversary, Complaint, and Exhibits have multiple inconsistencies. Pursuant to Fed. R. Bankr. P. 12(b)(6), the factual allegations in the Complaint are taken as true.

Court to wade through exhibits and sift out a material factual dispute. *See Phillips Med. Capital, LLC v. P&L Contracting, Inc.*, No. 2:10CV92-DAS, 2011 WL 13217913, at *2 (N.D. Miss. Nov. 21, 2011). Here, the Court finds that the Exhibits may be considered without converting the Motion to Dismiss into a motion for summary judgment.

### B. Defendant Winstead & Son Trucking, LLC

The Complaint lists Winstead & Son Trucking, LLC as "an administratively dissolved Mississippi limited liability company." (Adv. Dkt. 1, ¶ 6). The Creditor seeks an exception from discharge of debts under § 523 and an exception from discharge under § 727 of the bankruptcy laws. For purposes of the bankruptcy provisions, § 101 provides that a "debtor" is a "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(13); *see* 11 U.S.C. § 101(41). Section 523 applies to the "discharge of an individual debtor." 11 U.S.C. § 523. Similarly, § 727 "grant[s] the debtor a discharge, unless . . . ." 11 U.S.C. § 727. Winstead & Son Trucking, LLC is not an individual but a Mississippi limited liability company. More importantly, Winstead & Son Trucking, LLC is not a debtor in any bankruptcy case. Therefore, the claims against Winstead & Son Trucking, LLC regarding dischargeability of debt or discharge should be dismissed.

### C. Defendants Winsteads

#### 1. § 727(a)

Section 727, except as otherwise provided, allows a discharge "from all debts that arose before the date of the order for relief *under this chapter.*" 11 U.S.C. § 727(b) (emphasis added). The chapter reference in § 727 refers to bankruptcy actions filed under chapter 7 of the Bankruptcy Code. The Creditor asks the Court to deny the Winsteads a discharge under § 727(a)(2), (3), (4),

and (5). (Adv. Dkt. 1). Counts IV, V, VI, and VII of the Complaint should be dismissed given that the Winsteads seek relief under chapter 13.

### 2. § 523(a)

The Court must strictly construe exceptions to discharge against the creditor and liberally construe them in favor of the debtor. *In re Futch*, No. 09-00144-NPO, 2011 WL 576071, at \*16 (Bankr. S.D. Miss. Feb. 4, 2011); *Fezler v. Davis (In re Davis)*, 194 F.3d 570, 573 (5th Cir. 1999); *Hudson v. Raggio &Raggio (In re Hudson),* 107 F.3d 355, 356 (5th Cir. 1997); *Jordan v. Se. Nat'l Bank (In re Jordan)*, 927 F.2d 221, 224 (5th Cir. 1991) (rationale of reading nondischargeability provisions narrowly "is to help preserve the Code's basic policy of giving an honest debtor a fresh start"), *overruled on other grounds by Coston v. Malvern (In re Coston)*, 991 F.2d 257 (5th Cir. 1993) (en bac). Generally, "all debts arising prior to the filing of the bankruptcy petition will be discharged." *United States v. Coney*, 689 F.3d 365, 371 (5th Cir. 2012) (*citing In re Bruner*, 55 F.3d 195, 197 (5th Cir. 1995)). "However, to ensure that the Bankruptcy Code's 'fresh start' policy is only available to 'honest but unfortunate debtor[s],' Congress has provided that certain types of liabilities are excepted from the general rule of discharge." *Id*.

In that regard, the creditor has the burden of proving, by a preponderance of the evidence, that the debt is exempt from discharge. *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005), *overruled on other grounds by Scarbrough v. Tipton (In re Scarbrough)*, 836 F.3d 447 (5th Cir. 2016). Additionally, the assignment of the debt to the Creditor does not alter the dischargeability determination. *Bertuca v. Flores (In re Flores)*, No. 09-01009, 2010 WL 3811920 (Bankr. S.D. Tex. Sept. 22, 2010). The Creditor asserts that the debt is excepted from discharge under § 523(a)(2) and § 523(a)(6).

### a. § 523(a)(2)

The Creditor asserts that the debt owed is excepted from discharge under § 523(a)(2)(A) and (a)(2)(B). The Fifth Circuit noted the distinctions between these two provisions in *Bandi v. Becnel (In re Bandi)*, 683 F.3d 671, 674–75 (5th Cir. 2012), *abrogated on other grounds by Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018).

> Some debts for value obtained by means of a fraudulent statement are dischargeable under § 523(a)(2), and others are not. Debt for property or other value obtained by fraud is broadly rendered nondischargeable by § 523(a)(2)(A), but that subsection carves out certain debt that follows a transfer of value or extension of credit obtained by "a statement" regarding the debtor's "financial condition" and makes that debt dischargeable. However, certain other debt that follows a transfer of value or extension of credit obtained by "a statement" regarding the debtor's "financial condition" is rendered nondischargeable by § 523(a)(2)(B). Under this subsection, if a statement respecting the debtor's or an insider's financial condition is in writing, materially false, reasonably relied upon by the creditor, and the debtor made the statement with intent to deceive, the debt obtained by the fraud is not discharged.
>
> . . . .
>
> The Supreme Court has described these two subsections as "two close statutory companions barring discharge," the first of which pertains to fraud "not going to financial condition" and the second of which pertains to "a materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonably relied."

*In re Bandi*, 683 F.3d at 674–75 (footnotes omitted).

Section 523(a)(2)(A) and (a)(2)(B) are intended to protect victims of fraud. In these instances, "Congress . . . concluded that the creditors' interest in recovering full payment of debts in these categories outweighed the debtors' interest in a complete fresh start." *Norris v. First Nat'l Bank in Luling (In re Norris)*, 70 F.3d 27, 29 (5th Cir. 1995).

### (1) § 523(a)(2)(A) – Count I of the Complaint

Under § 523(a)(2)(A), a debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false

pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). There are three independent grounds for nondischargeability listed in § 523(a)(2)(A). First, to establish a claim for false representation under § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence: "(1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." *In re Acosta*, 406 F. 3d at 372. Second, a claim of false pretenses similarly involves conduct intended to create or foster a false impression but differs from a claim of false representation in that it may be premised on misleading conduct without an explicit statement by the debtor. *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 187 (Bankr. E.D. Tex. 2015). The third ground for nondischargeability, actual fraud, covers forms of fraud, like fraudulent conveyance schemes, that do not involve a false representation. *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016).

The Complaint cites § 523(a)(2)(A) as the first source of authority that makes the debt nondischargeable. (Adv. Dkt. 1 at 6). The Creditor does not identify any false representation that the Winsteads knowingly made to the Creditor, nor does it argue actual fraud. The Creditor seems to allude to the idea that the Winsteads have "actively concealed" the whereabouts of the Kenworth through the use of the automatic stay and "stole the Kenworth" but do not provide supporting factual allegations of this disjointed conclusion. (Adv. Dkt. 1, ¶ 21). The Creditor alleges that the Winsteads knew, or should have known, at the time of the Assignment they were unable to repay the amount owed. (Adv. Dkt. 1, ¶ 22). Perhaps the Creditor is relying on this alleged knowledge of the inability to pay as the false representation, but it is not the responsibility of the Court to fill

in the inadequacies of the Complaint. Furthermore, the Complaint suggests the Defendants made "materially false statements" without any factual allegations to prove or indicate what statements upon which the allegations rely. (Adv. Dkt. 1, ¶ 25). The Creditor does not present any factual allegations regarding the knowledge of the parties at the time of the Assignment. The Creditor does not make any factual allegations regarding the intent of the parties, that the Creditor relied on any alleged representation, or that the Creditor has sustained any loss as a result of the Creditor's reliance on any false representation made by the Debtors. Instead, the Creditor makes a generic statement incorporating the elements of § 523(a)(2)(A), which has not met the minimal pleading standards to put the Winsteads on notice of the conduct supporting the allegation. Moreover, the Complaint does not mention any of the elements or facts that support a finding of actual fraud— the only prong under § 523(a)(2)(A) that does not require a false representation or statement. Creditor's claim under § 523(a)(2)(A) should be dismissed.

### (2)     § 523(a)(2)(B) – Count II of the Complaint

In order to prevail on its claims under § 523(a)(2)(B), the Creditor bears the burden of proving each of the four (4) required elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991); *Acosta*, 406 F.3d at 372. The individual debts are nondischargeable to the extent each debt was obtained by the use of a statement in writing:

- (i)    that is materially false;
- (ii)   respecting the debtor's or an insider's financial condition;
- (iii)  on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
- (iv)   that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B); *In re Norris*, 70 F.3d at 29. The Creditor does not present any factual allegations regarding any statement made in writing or otherwise that make § 523(a)(2)(B)

applicable to the allegations in the Complaint. The Creditor makes no reference to any statement in the exhibits that might shed light on the statement in question. Creditor's claim under § 523(a)(2)(B) should be dismissed.

### b. § 523(a)(6) – Count III of the Complaint

Section 523(a)(6) provides that a debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Section 1328(a)(2) lists debts excepted from discharge in a chapter 13 case. 11 U.S.C. § 1328(a)(2). Excluded from the list in § 1328(a)(2) are § 523(a)(6) debts for willful and malicious injury to the property of another. The Creditor apparently asks the Court to deny the Winsteads a discharge under § 523(a)(6) for the alleged conversion of the Kenworth. (Adv. Dkt. 1). Section 523(a)(6) does not apply to chapter 13 bankruptcy filings. *Adams v. Adams (In re Adams)*, 478 B.R. 476, 486 (Bankr. N.D. Ga. 2012); *Sales v. Bailey (In re Bailey)*, 555 B.R. 557, 561 (Bankr. N.D. Miss. 2016). Consequently, Count III of the Complaint should be dismissed given that the Winsteads seek relief under chapter 13.

### D. Damages – Count VIII of the Complaint

The Creditor makes a claim for damages for "obtain[ing] the services of an attorney to bring this action. . . [and] monetary damages relating to the Defendants' actions." (Adv. Dkt. 1, ¶ 44–45). The Complaint does not cite any applicable law. Furthermore, the Complaint directs the Court to "enter a Judgment awarding Mack Pool an amount." (Adv. Dkt. 1, ¶ 45(H)). The Creditor has not indicated to whom a judgment should be entered against. The facts and law are insufficient for the Court to make any determination regarding this request for damages.

E.     **MISS. BANKR. L.R. 7012-1 and MISS. BANKR. L.R. 7056-1(3)**

MISS. BANKR. L.R. 7012-1 ("Local Rule 7012") sets out the procedure for adversary proceedings regarding "Defenses and Objections – When and How Presented – By Pleadings or Motion – Motion for Judgment on the Pleadings – Statement regarding Consent to Entry of Final Orders or Judgment by Bankruptcy Court in Responsive Pleading." Specifically, Local Rule 7012–1 makes applicable the procedures set forth in MISS. BANKR. L.R. 7056-1(3) ("Local Rule 7056-1(3)"). Local Rule 7056–1(3) requires:

> (A) Each motion [to dismiss] must be accompanied by a memorandum brief.
>
> (B) The respondent shall file its response and memorandum brief within 21 days of service of the motion [to dismiss] and supporting memorandum.
>
> (C) The movant may file a reply within 14 days after the response is served.

MISS. BANKR. L.R. 7056-1(3).

Under Rule 9006(b), the Court in its discretion may accept a late-filed response where the failure to act was the result of excusable neglect. FED. R. BANKR. P. 9006(b); *see Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967). "Absent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely proffer." *Slaughter v. S. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) (citation omitted).

Local Rule 7056-1(3) requires the respondent to file both a response and memorandum brief. The Creditor filed a one (1)-page document, which the Court struggles to classify as a proper response under Local Rule 7056-1(3). (Adv. Dkt. 30). The Creditor states in the one (1)-page document only that he "stands on the assertions in the *Complaint*." (Adv. Dkt. 30). Moreover, the Creditor did not file a memorandum brief. Accordingly, the Creditor has not met the requirements of Local Rule 7056-1(3). Additionally, the Creditor's counsel, did not indicate at the Hearing that

she wished to remedy the failure to comply with the Local Rules by amending the Response and/or filing a memorandum brief.[8]

## F. Amending the Complaint

During the Hearing, Creditor's counsel made an oral motion to "amend, pursuant to Rule 15, Counts IV through VII for adequate relief," and the Defendants' counsel objected. (10:23:30–10:23:40).[9] As mentioned, Counts IV, V, VI, and VII of the Complaint are misguided since the Winsteads seek relief under chapter 13. Consequently, the Court denies the oral motion to amend. Creditor's counsel did not move to amend the Complaint subsequently.

A court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2) (made applicable by Rule 7015). A court generally should provide a plaintiff an opportunity to amend her complaint before granting a motion to dismiss with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). The dismissal of a complaint without leave to amend, however, is appropriate where any amendment would be futile or the plaintiff has presented his best case. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). A party has twenty-one (21) days to amend a pleading as a matter of course after serving it. FED. R. CIV. P. 15. A party has twenty-one (21) days after service of a motion under Rule 12(b) to amend a pleading. FED. R. CIV. P. 15(a)(2).

The Creditor has had multiple opportunities to amend the Complaint to withstand the Motion to Dismiss. The Creditor had twenty-one (21) days after serving the Complaint to amend the Complaint as a matter of course, but the Creditor took no action. The Creditor had a second

---

[8] Creditor's counsel did request to amend Counts IV through VII after the Defendants' counsel argued the Counts were inapplicable.

[9] The Hearing was not transcribed. Citations to the testimony are to the timestamp of the audio recording.

opportunity to amend without Court intervention twenty-one (21) days after the service of the Motion to Dismiss, which outlined the deficiencies in the Complaint, and the Creditor took no action. There is no pending motion to amend the Complaint. When the Court asked Creditor's counsel at the Hearing if she was "standing on [the] Complaint" she answered, "I am Your Honor . . . . My arguments center around my Complaint." (10:14:08-10:14:18). The Court views these failures to act to amend the Complaint and counsel's position at the Hearing as an acknowledgment that the Creditor has stated his best case for nondischargeability and, therefore, the Court finds that the dischargeability claim should be dismissed with prejudice.

### G. Claim Litigation

Following the Hearing, the parties filed a Joint Motion to Mediate (the "Motion to Mediate") (Adv. Dkt. 32) on September 20, 2019. The Court held a status conference on the Motion to Mediate on September 23, 2019 (the "Status Conference"). At the Status Conference, counsel for the parties clarified and narrowed the relief they requested in the Motion to Mediate. They asked that the Claim Litigation be referred to mediation. Accordingly, the Court severs the consolidated Claim Litigation from the Adversary. The Court will enter an order granting the Motion to Mediate in the Bankruptcy Case.

### H. § 523(d)

Section 523(d) allows the debtor to seek "the costs of, and reasonable attorney's fee for, the proceeding" to determine the dischargeability under subsection (a)(2) if the court discharges the debt. Here, the Court has dismissed the Creditor's claims under § 523(a)(2) and § 523(a)(6) and the Defendants sought the award of attorney's fees and costs in the Complaint. The Court will consider an award of attorney's fees and costs upon proper motion filed by the Defendants.

### Conclusion

For the reasons previously stated, the Court finds that the Complaint does not withstand the Motion to Dismiss.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss is granted and the claims of the Creditor in the Complaint are dismissed with prejudice.

IT IS FURTHER ORDERED that the Claim Litigation is no longer consolidated into this Adversary and the resolution of the dispute will occur under the Bankruptcy Case.

IT IS FURTHER ORDERED that the Court will consider an award of costs and attorney fees upon proper motion filed by the Defendants under § 523(d) within fourteen (14) days of this Opinion, along with a supporting fee itemization. *See* MISS. BANKR. L.R. 7054-1. Within fourteen (14) days after the Defendants file their § 523(d) motion, the Creditor may file a response. A final judgment will not be entered by the Court until disposition of the § 523(d) motion or, if no such motion is filed, until expiration of the fourteen (14)-day deadline.

IT IS FURTHER ORDERED that the oral motion at the Hearing to amend Counts IV through VII is denied.

##END OF OPINION##